E-FILED
Monday, 18 February, 2019  04:24:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

TRUSTEES OF THE N.E.C.A./LOCAL 145        )
I.B.E.W. PENSION PLAN, AS COLLECTION      )
AGENT FOR ALL FRINGE BENEFITS,            )
                                          )   No. _____
        Plaintiff,                        )
                                          )
vs.                                       )
                                          )
GAIL KARCZ, INDIVIDUALLY and d/b/a        )
CROSS POINTS, INC.,                       )
                                          )
        Defendant.                        )

## **COMPLAINT**

NOW COMES the Plaintiff, The Trustees of the N.E.C.A./Local 145 I.B.E.W. Pension Plan, as Collection Agent for All Fringe Benefits, by and through their attorneys, McCarthy, Callas & Feeney, P.C., complaining of the Defendant, Gail Karcz, individually and d/b/a Cross Points, Inc., and alleges as follows:

## **COUNT I – ERISA CLAIMS**

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act (29 USC §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. Further, to the extent that this Complaint raises claims under state law, this Court has Supplemental Jurisdiction under 28 USC 1367 over such claims.

3. The N.E.C.A. Local 145 IBEW Pension Plan (the "Plan") receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the I.B.E.W. Local 145 (the "Union"), and therefore,

1

are multiemployer plans. (29 USC §1002).

4.      Plaintiff is also the collection agent for the N.E.C.A. Local 145 I.B.E.W. Annuity and Profit Sharing Plan ("the Annuity Plan").

5.      The Annuity receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Union, and therefore, are multiemployer plans. (29 USC §1002).

6.      The Plan, and the Annuity Plan, are collectively referred to herein as "the fringe benefit plans".

7.      The Fringe Benefit Plans are administered at 1700 Fifty-Second Avenue, Suite B, Moline, IL, and venue is proper in the Southern District Court of Iowa, where Defendant is located and where work triggering contributions to the Fringe Benefit Plans was performed.

8.      Defendant, which has its principal place of business in East Dundee, Illinois, has done and continues to do business within the geographic jurisdiction of this Court.

9.      Defendant executed a "Letter of Assent", dated January 12, 2016, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union.  A copy of said Letter of Assent is attached hereto as Exhibit A.

10.     The Letter of Assent also obligated Defendant to the then-existing Collective Bargaining Agreement with the Union.  A copy of the Collective Bargaining Agreement is attached hereto as Exhibit B.

11.     By virtue of adopting the Collective Bargaining Agreement, in particular Section 2.26, Defendant has agreed as follows:

        A.      to file monthly reports and make timely and prompt contributions to the

Plaintiff Plan for each employee covered by the aforementioned labor agreement;

B.  to designate and accept as its representatives the Trustees named in the declaration of trust and their successors;

C.  to adopt and abide by all of the rules and regulations adopted by the Trustees of the Plan pursuant to the trust agreements;

D.  to adopt and abide by all of the actions of the Trustees in administering the Plan in accordance with the Trust Agreements and the rules so adopted;

E.  to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages; and

F.  to submit and participate in the auditing program which program shall allow Fund to review and audit contractor payroll records.

12.  Defendant has failed to perform its obligations pursuant to the terms and conditions of the Collective Bargaining Agreement and Trust Agreements by, although not necessarily limited to, the following: failing to cooperate with an audit by the Funds.

13.  Defendant, at all times relevant, was an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement that required Defendant to pay monthly fringe benefit contributions to the Fringe Benefit Plans.

14.  The Collective Bargaining Agreement also binds Defendant to the provisions of

3

the Agreement and Declarations of Trust which created the Fringe Benefit Plans (the "Trust Agreements").

15. Pursuant to the provisions of the Collective Bargaining Agreement, Defendant was required to make contributions to the Fringe Benefit Plans for each hour worked by its construction employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements. In addition, Defendant was required to make contributions to the Fringe Benefit Plans measured by the hours worked by construction subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

16. Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that were owed to the Fringe Benefit Plans based upon the hours worked by employees and/or measured by the hours worked by subcontractors.

17. Plaintiff complied with all conditions precedent in bringing this suit.

18. Plaintiff engaged the undersigned attorneys to collect the monies due and owing from Defendant.

19. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreement, Defendant is required to pay liquidated damages, auditor fees, attorney fees and court costs incurred by the Fringe Benefit Plans in the collection process.

20. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiff pursuant to 29 USC §1132 (g)(2)(D).

21. Pursuant to 29 USC §1132 (g)(2)(B), Plaintiff is entitled to liquidated damages plus 20% interest on the amount due pursuant to 29 USC 0132(g)(2)(c).

WHEREFORE , Plaintiff prays:

A.    That the Court finds that Defendant be held liable for the above violations.

B.    That Defendant be ordered to comply with an audit and that an accounting be taken as to all employees of Defendant covered by the Collective Bargaining Agreement or Agreements as to wages received and hours worked by such employees to determine amounts required to be paid to Plaintiff, covering the period for which the Collective Bargaining is to be effective.

C.    That Defendant be ordered to pay 20% interest plus liquidated damages on the amount that is due pursuant to 29 USC 0132(g)(2)(c).

D.    That Defendant be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiff. (29 USC §1132).

E.    That the Court finds Defendant is liable for the aforementioned damages, costs, fees, and interest.

## COUNT II: BREACH OF COLLECTIVE BARGAINING AGREEMENT

23.    Plaintiff reincorporates paragraphs 1-22 of the Complaint.

24.    Defendant executed a Letter of Assent, dated January 12, 2016, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union.  A copy of said Letter of Assent is attached hereto as Exhibit A.

25.    By signing a Letter of Assent, Defendant became bound to the terms of a Collective Bargaining Agreement between the Union and Quad Cities Chapter NECA ("NECA").

26.    The Letter of Assent bound Defendant to the clear and definite terms of the Collective Bargaining Agreement and all its successor agreements.

27.   Plaintiff has performed all required conditions of the Collective Bargaining Agreement and all its successor agreements.

28.   Section 2.21(A) of the Collective Bargaining Agreement and the applicable Local Union Wage Package provide that the employer shall pay a Union Assessment of 5% of the employer's gross payroll.

29.   Defendant breached the provisions of the Collective Bargaining Agreement by underpaying the Union Assessment thereby resulting in economic injury to the Union.

30.   Plaintiff is the authorized collection agent for the Union for the failure to pay fringe benefits and assessments arising out of an audit pursuant to the Collective Bargaining Agreement.

31.   Plaintiff engaged the undersigned attorneys to collect the monies due under the Collective Bargaining Agreement from Defendant.

32.   Pursuant to the terms of the Collective Bargaining Agreement, Defendant is required to pay liquidated damages, auditor fees, attorneys' fees, and court costs incurred by Plaintiff in the collection process.

WHEREFORE, Plaintiffs pray that:

A.   The Court finds that Defendant be held liable for the above labor contract violations; and

B.   The Defendant be required to pay its Union Assessment in the amount to be determined by an audit and accounting.

### COUNT III: BREACH OF CONTRACT (Quad Cities NECA Chapter)

33.   Plaintiff reincorporates paragraphs 1-22 of the Complaint.

34.   Defendant executed a Letter of Assent, dated January 12, 2016, authorizing Quad
      Cities Chapter N.E.C.A. to act as its bargaining representative with the Union.  A
      copy of said Letter of Assent is attached hereto as Exhibit A.

35.   The Letter of Assent also obligated Defendant to the then-existing Collective
      Bargaining Agreement with the Union.  A copy of the Collective Bargaining
      Agreement is attached hereto as Exhibit B.

36.   The Collective Bargaining Agreement binds Defendant to the provisions of the
      Agreement and Declarations of Trust which created the Trust Funds (the "Trust
      Agreements").

37.   Defendant, as an employer engaged in an industry affecting commerce, was
      required to pay monthly fringe benefit contributions to the Trust Funds for each
      hour worked by its [construction/electrical/sheet metal] employees at the rate
      and manner specified in the Collective Bargaining Agreement and Trust
      Agreements.

38.   Defendant breached the provisions of the Trust Agreements by underpaying
      monthly fringe benefit contributions thereby resulting in economic injury to
      Plaintiff.

39.   Plaintiff engaged the undersigned attorneys to collect the monies due under the
      Trust Agreements from Defendant.

40.   Pursuant to the terms of the Collective Bargaining Agreement and Trust
      Agreements, Defendant is required to pay liquidated damages, auditor fees,
      attorneys' fees, and court costs incurred by Plaintiff in the collection process.
      WHEREFORE, Plaintiffs pray that:

A.      The Court finds that Defendant be held liable for the above labor contract

violations; and

B.      The Defendant be required to pay fringe benefit contributions to be

determined by an audit and accounting.

TRUSTEES OF THE N.E.C.A./LOCAL 145
I.B.E.W. PENSION FRINGE BENEFIT PLANS,
AS COLLECTION AGENT FOR ALL FRINGE
BENEFITS, Plaintiff

By:      /s/ Michael W. Halpin_____
Michael W. Halpin
Attorney for Plaintiff
McCarthy, Callas & Feeney, P.C.
329 – 18th Street
Rock Island, IL 61201
(309) 788-2800
mhalpin@mcfe-law.com